# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| United States of America, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | No. CR 97-26 |
| v. | * | |
| | * | ORDER |
| Kelvin Knight, | * | |
| | * | |
| Defendant-Petitioner. | * | |

The matters before the court are the defendant's initial petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 198, hereinafter "Initial Petition") and the defendant's subsequent combined motions to proceed pro se and in forma pauperis and to supplement the § 2255 petition entitled "Pro Se Motion to Recall § 2255 Motion, and Motion to Set Aside, Vacate, and Motion to Continue Pro Se and In Forma Pauperis" (Doc. No. 207, hereafter "Motion to Supplement"). A petition under § 2255 must be filed within one year of the date on which the underlying judgment of conviction becomes final. The defendant's Initial Petition was timely. The Motion to Supplement was filed after the deadline for filing a § 2255 petition. As such, claims contained within the Motion to Supplement are time-barred unless they "relate back" to the timely filed Initial Petition. United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999).

The Initial Petition contains various claims based upon Apprendi v. New Jersey, 530 U.S. 466 (2000), that relate to the trial court's treatment of the issue of drug quantity under 18 U.S.C. § 841(b). In addition, the Initial Petition contains a claim regarding the district court's application of an obstruction of justice enhancement. The only claims in the Motion to Supplement that arguably relate back to the Initial Petition are Apprendi-related claims. Accordingly, it is only necessary

to address the obstruction claim and to determine whether we may address any of the defendant's Apprendi-based claims.

The United States charged the defendant with two counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) & 18 U.S.C. § 2; and (2) conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), & 841(b)(1)(C). A jury found the defendant guilty on both counts. The jury was not asked to find a drug quantity and was specifically instructed, consistent with controlling Eighth Circuit law at the time of trial, that the government was not required to prove a drug quantity beyond a reasonable doubt. (Doc. No. 86, Final Jury Instruction No. 18). The district court sentenced the defendant under the guidelines, making a factual determination as to drug quantity and applying an obstruction of justice enhancement to arrive at the applicable guidelines range. The district court imposed a sentence of 160 months, and the defendant appealed.

Trial and sentencing took place before the Supreme Court issued its decision in Apprendi. After the defendant had filed a notice of appeal, but before the Court of Appeals heard arguments in defendant's direct appeal, the Supreme Court issued the Apprendi decision. Defendant did not raise any Apprendi related issues in his direct appeal.

On appeal, the defendant raised three distinct claims that were unrelated to the standard of proof or the jury's role in drug quantity determinations and unrelated to the obstruction of justice enhancement. The defendant argued that the district court erred by finding that he was not under the influence of drugs when he made certain statements to the police during a search. He also argued that the district court erred by using the same purportedly drug-influenced statements to calculate a drug quantity for sentencing purposes. Finally, he argued that newly discovered evidence regarding benefits received by a witness from the government materially impacted the witness's

-2-

credibility and therefore required the granting of a new trial. The Court of Appeals rejected these arguments and affirmed the district court's judgment of conviction and sentencing. United States v. Knight, 230 F.3d 1086 (8th Cir. 2000).

The landscape is now somewhat clear regarding the application of Apprendi in the context of § 841, the impact of Apprendi and its progeny upon the Sentencing Guidelines, and the availability of Apprendi-related claims in collateral attacks under § 2255. The Eighth Circuit has held that Apprendi does not apply retroactively and therefore cannot be raised in postconviction motions to attack convictions that became final before the Court decided Apprendi. United States v. Moss, 252 F.3d 993, 1002-03 (8th Cir. 2001); Dukes v. United States, 255 F.3d 912, 913 (2001); Murphy v. United States, 268 F.3d 599, 600 (8th Cir. 2001). The Eighth Circuit has also held that, barring proof of "(1) cause for the default and actual prejudice or (2) actual innocence," "[an Apprendi] claim unraised on direct appeal is procedurally defaulted." Moss, 252 F.3d at 1003. Accordingly, without proof of cause and prejudice, even prisoners who do not seek retroactive application may not raise Apprendi issues for the first time in their § 2255 petitions.

In the present case, if counsel had raised an Apprendi issue during the direct appeal, retroactive application of Apprendi would not have been required because the conviction was not yet final when Apprendi became the law. The defendant alleges ineffective assistance of counsel based on appellate counsel's failure to raise such a claim. Under Moss, however, the defendant's Apprendi claims are defaulted unless appellate counsel's failure to raise such claims may serve as cause to excuse default, and unless the defendant can show prejudice.

Here there was no prejudice. The 160 month sentence actually imposed by the district court was well below the 240 month statutory maximum authorized under § 841(b)(1)(C) for the cocaine conspiracy charge. The 240 month maximum of subsection (C) applies even without proof of quantity and was therefore authorized

-3-

by the jury's verdict. With no showing of prejudice, Moss dictates that we treat the defendant's Apprendi-based claims as defaulted.

Finally, we must treat the defendant's obstruction of justice claim as defaulted because he did not raise this claim on direct appeal and he offers no cognizable argument to show cause for that failure.

It is ordered that:

(1) the defendant's petition for relief under 28 U.S.C. § 2255 (Doc. No. 198) is denied;

(2) the defendant's Pro Se Motion to Recall § 2255 Motion, and Motion to Set Aside, Vacate (Doc. No. 207) is denied;

(3) the defendant's Motion to Continue Pro Se and In Forma Pauperis (Doc. No. 207) is granted; and,

(4) a certificate of appealability is denied.

Done and ordered this 16th day of Dec., 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation